IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE L. A. KNOX, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-12-1393-C |
| | ) |
| ANITA TRAMMELL, Warden, | ) |
| | ) |
| | ) |
| Respondent. | ) |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Robin J. Cauthron has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition has been promptly examined, and for reasons set forth herein, it is recommended that the action be **DISMISSED** upon filing for lack of jurisdiction.

## BACKGROUND

By this action, Petitioner challenges his convictions for attempted robbery with a firearm after former conviction of a felony, pointing a firearm at another after former conviction of a felony, and possession of a firearm after former conviction of a felony.[1] Case No. CF-1995-1195, District Court of Oklahoma County. Petition, 2, ECF No. 1, p. 1. Petitioner received three sentences of twenty years imprisonment, two to run

---

[1] Petitioner was convicted of possession of a firearm after former conviction of a felony following a jury trial. His convictions for attempted robbery after former conviction of a felony and pointing a weapon at another after former conviction of a felony were pursuant to a guilty plea. Petition, 2 ¶ 6(a) and (b), ECF No. 1, p. 1.

concurrently, and the third to run consecutively. *Id.*

In this action, Petitioner raises four grounds for relief. In Ground One, he claims that his conviction violates the rule against double jeopardy and "erroneous sentence." Petition, 6, ECF No. 1, p. 5. In Ground Two, Petitioner claims "Eighth Amendment violation (denial of parole) and ... excessive sentences." Petition, 7, ECF No. 1, p. 6. In Ground Three, Petitioner alleges "14th Amendment violation of Equal Protection Clause, Due Process, and Liberty Interest." Petition, 9, ECF No. 1, p. 8. In Ground Four, Petitioner alleges "14th, Due Process, 5th Amend., 1st Amend. A nd Procedural Errors by Dist./Appeal Judges."[2] Petition, 11, ECF No. 1, p. 5.

## SCREENING REQUIREMENT

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. Likewise, courts are obliged to examine their jurisdiction *sua sponte* and dismiss any action where it is lacking. *See* Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by . . . a court on its own initiative[] at any stage in the litigation . . . ." (internal citation omitted)); *Hardiman v. Reynolds*, 971 F.2d 500, 502 (10th Cir. 1992) (noting that "a court must raise a defense sua sponte if that defense implicates the court's subject matter jurisdiction."); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006)

---

[2] For some reason, Petitioner has drawn through this ground with two vertical lines. It is unclear if he meant to omit Ground Four, but the undersigned has included it because his intent is unclear. Petition, 11, ECF No. 1, p. 10.

(Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction.").

The undersigned's initial review of the petition shows that it is second and successive to a previous federal habeas petition, Case No. CIV-10-1181-W, United States District Court for the Western District of Oklahoma, and that Petitioner has not obtained authorization to file a second petition as required by 28 U.S.C. § 2244(b)(3)(A). Thus, this Court is without jurisdiction to consider it. Furthermore, for the reasons stated below, the undersigned finds that the action should be dismissed rather than transferred to the Tenth Circuit Court of Appeals.

## SECOND AND SUCCESSIVE PETITIONS

Title 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 by providing that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This statutory requirement for prior authorization is jurisdictional. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Pease v. Klinger*, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

In response to one of the form petition's questions regarding other remedies, Petitioner responds that "don't remember the U.S. District Ct. No. filed my habeas

3

corpus 2254 after denial of second O.C.C.A., PC-2010-823." Petition, 10, ECF No. 1, p. 9. A review of previous actions filed by Petitioner in this Court reveals that he did indeed file a former habeas petition under § 2254, attacking the same conviction as that challenged in this action. Case. No. CIV-10-1181, United States District Court for the Western District Court of Oklahoma. That case was dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A). *Knox v. Workman*, CIV-10-1181, 2011 WL 651937 (W.D. Okla. Jan. 14, 2011) (Bacharach, M.J.), *adopted,* 2011 WL 643423 (W.D. Okla. Feb. 11, 2011) (West, J.), *aff'd* Case. No. 11-6042, 2011 WL 2311972 (10th Cir. June 13, 2011).

A dismissal of a previous habeas petition as time-barred is a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements. *In re Rains*, 659 F.3d 1274, 1275-1276 (10th 2011). Petitioner has neither alleged nor demonstrated that he sought or received prior authorization from the Tenth Circuit Court of Appeals necessary for consideration of the instant petition for federal habeas relief which challenges the conviction entered in Case No. CF-1995-1195, District Court of Oklahoma County. Therefore, this Court is without jurisdiction to consider his petition.

Until recently, district courts routinely transferred unauthorized second and successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631, often operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b). *See Coleman*

corpus 2254 after denial of second O.C.C.A., PC-2010-823." Petition, 10, ECF No. 1, p. 9. A review of previous actions filed by Petitioner in this Court reveals that he did indeed file a former habeas petition under § 2254, attacking the same conviction as that challenged in this action. Case. No. CIV-10-1181, United States District Court for the Western District Court of Oklahoma. That case was dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A). *Knox v. Workman*, CIV-10-1181, 2011 WL 651937 (W.D. Okla. Jan. 14, 2011) (Bacharach, M.J.), *adopted,* 2011 WL 643423 (W.D. Okla. Feb. 11, 2011) (West, J.), *aff'd* Case. No. 11-6042, 2011 WL 2311972 (10th Cir. June 13, 2011).

A dismissal of a previous habeas petition as time-barred is a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements. *In re Rains*, 659 F.3d 1274, 1275-1276 (10th 2011). Petitioner has neither alleged nor demonstrated that he sought or received prior authorization from the Tenth Circuit Court of Appeals necessary for consideration of the instant petition for federal habeas relief which challenges the conviction entered in Case No. CF-1995-1195, District Court of Oklahoma County. Therefore, this Court is without jurisdiction to consider his petition.

Until recently, district courts routinely transferred unauthorized second and successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631, often operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b). *See Coleman*

*v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) ("[W]hen a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631.").[3] However, the Tenth Circuit has now instructed that "*Coleman* should not be read to limit the traditional discretion given to district courts under § 1631." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). Instead, the district court may either transfer the action to the Tenth Circuit pursuant to § 1631 for prior authorization if it is in the interest of justice to do so or dismiss it for lack of jurisdiction. *Id.*

Here, the undersigned finds that the interest of justice does not require transfer of this action to the Tenth Circuit Court of Appeals and that it should instead be dismissed. The three primary considerations govern a court's decision to transfer rather than dismiss: (1) whether the action was filed in good faith in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions; and (3) whether the claims are likely to have merit. *See In re Cline*, 531 F.3d at 1251.

The first consideration does not support transfer because the statutory

---

[3]Section 1631 provides in relevant part:

    Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . .

5


requirement for prior authorization of second or successive habeas petitions has been in effect for well over a decade, which makes it difficult for Petitioner to show that the initial filing of his petition in this Court was done in good faith. *See In re Cline*, 531 F.3d at 1252. Further, the fact that Petitioner conceded that he had filed a previous habeas action in this court with regard to the same conviction indicates that he knew or should have known that prior authorization was required. *See* Petition, 10, ECF No. 1, p. 9.

Second, dismissal will not make it any more difficult for Petitioner to comply with the applicable limitations period because his previous petition challenging the conviction at issue herein was dismissed for the precise reason that it was untimely. *Knox v. Workman*, CIV-10-1181, 2011 WL 651937 (W.D. Okla. Jan. 14, 2011) (Bacharach, M.J.), *adopted,* 2011 WL 643423 (W.D. Okla. Feb. 11, 2011) (West, J.), *aff'd* Case. No. 11-6042, 2011 WL 2311972 (10th Cir. June 13, 2011).

Finally, a "peek at the merits" leads the undersigned to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed." *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000). As noted, Petitioner's previous petition attacking the conviction at issue herein was dismissed as untimely. Accordingly, the undersigned finds that the interests of justice do not require transfer of this action.

Where there is "no risk" that a meritorious second claim will be lost, the Court does not abuse its discretion to dismiss rather than transfer. *In re Cline*, 531 F.3d at 1252. Accordingly, it is recommended that the petition be dismissed for lack of

jurisdiction due to Petitioner's failure to obtain an order authorizing the district court to consider his second or successive petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3).

## **RECOMMENDATION**

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **March 4, 2013**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us. This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** February 14, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE