IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTONE LAMANDINGO KNOX, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| v. | )    Case No. CIV-12-1393-W |
| | ) |
| ANITA TRAMMELL, Warden, | ) |
| | ) |
| | ) |
|       Respondent. | ) |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. United States District Judge Lee R. West has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the Petition was promptly examined, and in a previous Report and Recommendation, it was recommended that the action be **DISMISSED** upon filing for lack of jurisdiction due to its second and successive nature.

## BACKGROUND

By this action, Petitioner challenges his convictions for attempted robbery with a firearm after former conviction of a felony, pointing a firearm at another after former conviction of a felony, and possession of a firearm after former conviction of a felony.[1] Case No. CF-1995-1195, District Court of Oklahoma County. Petition, 2, ECF No. 1, p. 1. Petitioner received three sentences of twenty years imprisonment, two to run

---

[1] Petitioner was convicted of possession of a firearm after former conviction of a felony following a jury trial. His convictions for attempted robbery after former conviction of a felony and pointing a weapon at another after former conviction of a felony were pursuant to a guilty plea. Petition, 2 ¶ 6(a) and (b), ECF No. 1, p. 1.

concurrently, and the third to run consecutively. *Id.*

In this action, Petitioner raises four grounds for relief. In Ground One, he claims that his conviction violates the rule against double jeopardy and "erroneous sentence." Petition, 6, ECF No. 1, p. 5. In Ground Two, Petitioner claims "Eighth Amendment violation (denial of parole) and ... excessive sentences." Petition, 7, ECF No. 1, p. 6. In this ground, he alleges 8th Amendment violations due to the Governor's denial of his parole on August 14, 2012, while knowing that his sentences were excessive and should be "voided." In Ground Three, Petitioner alleges "14th Amendment violation of Equal Protection Clause, Due Process, and Liberty Interest." Petition, 9, ECF No. 1, p. 8. In this ground, Petitioner also alludes to Governor Fallin's denial of his parole, and that the denial was improper because his sentences were "erroneous." In Ground Four, Petitioner alleges "14th, Due Process, 5th Amend., 1st Amend. And Procedural Errors by Dist./Appeal Judges."[2]  Petition, 11, ECF No. 1, p. 5.

The undersigned's initial review of the petition led to a finding that it is second and successive to a previous federal habeas petition, Case No. CIV-10-1181-W, United States District Court for the Western District of Oklahoma, and that Petitioner has not obtained authorization to file a second petition as required by 28 U.S.C. § 2244(b)(3)(A). Thus, the undersigned found that this Court is without jurisdiction to consider it. Furthermore, for reasons explained in the previous Report and

---

[2] For some reason, Petitioner has drawn through this ground with two vertical lines. It is unclear if he meant to omit Ground Four, but the undersigned has included it because his intent is unclear. Petition, 11, ECF No. 1, p. 10.

Recommendation, the undersigned found that the action should be dismissed rather than transferred to the Tenth Circuit Court of Appeals.

Although Judge West agreed that the Petition indeed contained second and successive claims for which prior authorization had not been sought, and that dismissal rather than transfer was appropriate, he also noted that it appeared that Petitioner had contested and sought relief for the denial of parole in 2012. Judge West noted: "Arguably, if a petitioner lacked the opportunity to raise the claim in his or her prior petition, a subsequent petition raising that claim is not successive or second and the bar imposed by section 2244 is not applicable." ECF No. 11:2-3. Accordingly, Judge West deferred further consideration of the Report and Recommendation issued on February 14, 2013, until such time as the undersigned had the opportunity "to determine whether Knox's claims grounded on the denial of parole are likewise barred or, for other reasons, are nonactionable in this section 2254 proceeding." ECF No. 11:3.

## DISCUSSION

The undersigned has considered Petitioner's claims related to denial of his parole in 2012. To the extent these claims do not rely on issues previously addressed in Petitioner's former habeas actions, the undersigned finds them to be without merit.

First, the United States Supreme Court has declared that "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Second, although a state may affirmatively create a

3

liberty interest by enacting mandatory statutes that limit the parole board's discretion, both the Tenth Circuit and the Oklahoma Supreme Court have made clear that Oklahoma has not done so. *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979) ("[T]he Oklahoma statutory scheme ... does no more than create a parole system, which in the Supreme Court's view as expressed in *Greenholtz* does not establish a liberty interest."); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectable liberty interest in an Oklahoma parole.... No due process strictures can be applied to test the permissible parameters of the parole process."). Without a liberty interest in parole, there is no entitlement to due process protection. *See Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998). Therefore, Petitioner's allegation that Governor Fallin failed to consider the validity of his conviction, even if true, fails to present a cognizable constitutional claim.

The undersigned also finds that Petitioner has failed to make a substantial showing of a violation of his substantive due process rights. His parole violation claim, liberally construed, is based on considerations related to the validity and length of his sentence. The majority of other circuits to address the question have found that the requirement of a state-created liberty interest is the threshold requirement for any due process claim-whether substantive or procedural. *See, e.g.*, *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("[B]ecause Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."); *Jones v. Georgia*

4

*State Bd. of Pardons & Paroles*, 59 F.3d 1145, 1150 (11th Cir.1995) (rejecting a substantive due process claim because the inmate had no due process protected liberty interest in parole); *Bailey v. Gardebring*, 940 F.2d 1150, 1157 (8th Cir. 1991) (affirming the denial of a substantive due process claim because the inmate had no liberty interest in parole and no fundamental right to parole). Additionally, the Oklahoma Supreme Court has confirmed that Oklahoma has not created a liberty interest in parole for purposes of substantive due process. *Shabazz*, 977 P.2d at 1093 (rejecting Oklahoma prisoner's substantive due process claim based on parole board's consideration of an improper letter from prosecuting attorney because "[t]he parole function neither leads to nor may ripen into a liberty interest"). Finally, Petitioner's reference to a denial of equal protection in connection with the denial of his parole is not supported by any factual allegation that even remotely implicates the Equal Protection Clause.

It appears to the undersigned that Petitioner's claims related to denial of his parole are founded squarely upon the validity or constitutionality of his convictions, and to that extent raise issues that have been previously considered in his previous habeas action. However, to the extent the Court has jurisdiction over these claims, Petitioner's habeas action for denial of parole in violation of his rights to due process and equal protection, or in violation of his right against cruel and unusual punishment, fails to state any cognizable claim. Accordingly, it is recommended that any claims related to denial of parole be denied.

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for lack of jurisdiction. To the extent the Court has jurisdiction over Petitioner's claims related to violation of his parole, it is further recommended that they be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 13, 2013**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). The Clerk of the Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondent at fhc.docket@oag.state.ok.us. This Report and Recommendation **disposes of all issues** referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** on April 25, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE