IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED MAY 0 7 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

ANTONE LAMANDINGO KNOX, )
)
Petitioner, )
)
vs. ) No. CIV-12-1393-W
)
ANITA TRAMMELL, Warden, )
)
Respondent. )

## ORDER

On February 14, 2013, United States Magistrate Judge Shon T. Erwin issued a Report and Recommendation in this matter and recommended that the Ex Parte Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code by petitioner Antone Lamandingo Knox be dismissed for lack of jurisdiction. Knox was advised of his right to object, see Doc. 9 at 7, and the matter came before the Court on Knox's Ex Parte Objection to Magistrate Judge Report and Recommendation. See Doc. 10.

In his Petition, Knox had challenged his state court convictions and sentences. See State v. Knox, No. CF-1995-1195. Because these convictions and sentences were also the subject of an earlier Petition for Writ of Habeas Corpus filed by Knox in Knox v. Workman, No. CIV-10-1181-W, the claims for relief raised in the instant Petition were deemed "second" or "successive," and this Court lacked jurisdiction to consider their merits in the absence of authorization from the United States Court of Appeals for the Tenth Circuit. E.g., In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)(per curiam)(district court without jurisdiction to address merits of second or successive section 2254 claim until

appellate court has granted required authorization). See 28 U.S.C. § 2244(b)(1). The Court further found in its discretion that it was not in the interest of justice to transfer the second or successive claims in Knox's Petition to the Tenth Circuit. E.g., 531 F.3d at 1252.

In his Petition, Knox had also sought relief for the denial of parole in 2012. The Court therefore on March 4, 2013, re-referred this matter to Magistrate Judge Erwin to determine whether Knox's claims grounded on the denial of parole were likewise barred or, for other reasons, were nonactionable.

The matter now comes before the Court on Magistrate Judge Erwin's Supplemental Report and Recommendation issued on April 25, 2013, and Knox's combined Ex Parte Objection to Magistrate Judge Report and Recommendation and Ex Parte Motion to Dismiss this Case Without Prejudice.

Upon de novo review of the record, the Court

(1) ADOPTS the Report and Recommendation [Doc. 9] filed on February 14, 2013, to the extent that Magistrate Judge Erwin recommended dismissal of Knox's claims that are second or successive and DISMISSES those claims since the Court lacks jurisdiction to consider their merits in the absence of authorization from the Tenth Circuit;

(2) because Knox has an absolute right to dismiss this action as to any remaining claims since respondent Anita Trammell, Warden, has not filed an answer or motion for summary judgment, see Rule 41(a)(1), F.R.CIV.P., GRANTS[1] Knox's Ex Parte Motion to Dismiss this Case Without Prejudice [Doc. 16] file-stamped May 6, 2013, and DISMISSES this matter without prejudice to refiling; and

---

[1] The Court is mindful that a voluntary dismissal is self-executing and effective when filed with the Clerk of the Court.

2

(3) having done so, deems MOOT (a) Knox's Ex Parte Motion/Request for Rule 8 or Evidentiary Hearing [Doc. 6] file-stamped December 14, 2012; (b) Magistrate Judge Erwin's Supplemental Report and Recommendation [Doc. 14] issued on April 25, 2013, and (c) Knox's Ex Parte Objection to Magistrate Judge Report and Recommendation [Doc. 16] file-stamped May 6, 2013.

ENTERED this 7th day of May, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE